### YAFFEE v. UNITED STATES.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1922.)

No. 3607.

1. **Criminal law** ☞1169(5)—**Reference to former conviction, excluded because too late, held not prejudicial.**

A reference on the trial to a former conviction of accused, to establish that the sale of intoxicating liquor was a second offense, but which was excluded from evidence by the court because the conviction was too late to sustain that conclusion, resulted in no substantial prejudice to accused, since discussion of the subject could not have been avoided, nor could the exclusion have been more complete.

2. **Criminal law** ☞1043(2), 1059(2), 1129(3)—**Specific objection, or exception and assignment of error is necessary to review of rulings on evidence and instructions.**

Where there is no specific and definite, objection or exception to the admission of testimony or to the charge of the court, and the point raised in the brief has not been saved by a specific assignment of error, the court is not required to consider the points, and will not do so, where the evidence of the government's witnesses, if believed by the jury, rendered the conviction inevitable.

In Error to the District Court of the United States for the Western Division of the Southern District of Ohio; John W. Peck, Judge.

George Yaffee was convicted of maintaining a nuisance by keeping a place where intoxicating liquor was sold, and he brings error. Affirmed.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Harry Hess, of Cincinnati, Ohio, for plaintiff in error.

R. T. Dickerson, Asst. U. S. Atty., of Cincinnati, Ohio (James R. Clark, U. S. Atty., of Cincinnati, Ohio, on the brief), for the United States.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM. Yaffee was charged in the first count with selling intoxicating liquor in violation of the National Prohibition Act, and in the second count with maintaining a nuisance by keeping a place where such liquor was sold. He was acquitted under the first count and convicted under the second. Some of the assignments of error became immaterial by reason of this acquittal.

[1] There was no substantial prejudice from the reference made upon the trial to a former conviction. This indicated that the sale named in the first count was a second offense, as was there charged; but the court finally ruled that the conviction was too late to be a good basis for that conclusion, and excluded the evidence of the conviction. Discussion of the subject could not have been avoided, nor could the exclusion have been more complete.

[2] As to the other matters mentioned in the printed brief and oral argument, we find no instance of specific and definite objection or exception to the admission of testimony or charge of the court, where the point has been saved by such a specific assignment of error as our rules require. There is therefore nothing which we are required to consider, and upon examination of the record we feel no obligation to disregard these matters of form. If the jury believed the government's witnesses, the conviction was inevitable.

The judgment is affirmed.